Jesus **GONZALEZ; Patricia Gonzalez Chavez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72342.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 25, 2007.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Jesus Gonzalez and his wife Patricia Gonzalez Chavez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order upholding the Immigration Judge's order denying their applications for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review the denial of a motion to remand for abuse of discretion. *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that the Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

The BIA did not abuse its discretion in denying the Petitioners' motion to remand because they failed to demonstrate that the evidence submitted concerning their daughter's Individualized Education Program was previously unavailable, or that the recent birth of their son Daniel materi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ally affected their hardship claim. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material"); *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987) (formal requirements for motions to reopen are the same as those for motions to remand).

We agree with the BIA's conclusion that the performance by prior counsel did not result in prejudice to the Petitioners, and thus their claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.